### SMALLEY vs. MARTIN and another.

A bill filed to foreclose a mortgage, claimed that there was more than $100 due. The answer denied that there was $100 due. Before the hearing, other installments became due, which were not paid. The master, on reference, reported that there was less than $100 due at the time of filing the bill; but that there was more than $100 due at the date of the report, by the falling due of subsequent installments.—Held, that the complainant was entitled to a decree of sale with costs.

When a bill is filed to foreclose a mortgage payable in installments, and the defendant sets up in his answer that there was not $100 due at the time of filing the bill, he should pay the subsequent installments as they became due, to enable him to succeed in his defence.

As, however, the answer was true at the time it was put in, the defendant was given the costs of his answer up to the date of the master's report. The complainant was given the ordinary costs of a foreclosure; and *litigated* costs subsequent to the master's report, were given to neither party, as it was a new question.

*H. U. Soper*, for complainant.

*E. C. Dibble*, for defendants.

THE VICE CHANCELLOR. From the master's report in this case, which is dated Feb. 20, 1838, it appears that on the 6th day of January, 1837, the amount due on the mortgage in this cause was $97 06; and at the date of the report, $266 48—that a subsequent amount was payable, but has all become due since the date of the report. The bill was filed to foreclose a mortgage claiming that more than $100 was due. An answer was put in, denying the fact that $100 was due. A tender was made, but was not good in law, as it was not kept good. The installments due subsequently to the filing of the bill, were not paid as they became due. The mas-

Aug. 1840.

Smalley
v.
Martin and
another.

ter's report shows that there was not one hundred dollars due at the time of filing the bill, but that there is now more than $100 due. The case comes on for farther directions; and the principal and perhaps the only question is as to the disposition of the costs.

The 37th section (2 Rev. Stat. p. 173) provides that " the court of Chancery shall dismiss every suit concerning property, when the matter in dispute, exclusive of costs, does not exceed the value of $100, with costs to the defendants." In this case, when the bill was filed, the matter in dispute, being the amount then due, did not exceed $100 in value. The bill, however, claimed more. It was not, therefore, demurrable for this cause ; but the objection might have been raised by the plea or answer. In this case, the defence was set up in the answer. It presented an issuable fact to be tried, and the judgment of the court as to costs, would have followed the decision of the question of fact. Before the cause could be brought to hearing upon this issue, other installments became due, so that now the amount in dispute is sufficient to satisfy the statute. If the defendant had paid the accruing installments as they became due, he could have succeeded in this defence. This he has neglected to do ; and I believe we shall have to take the amount due at the hearing, as the amount which is to affect jurisdiction. This amount shows that the complainant is entitled to a decree for costs. But the answer was true at the time it was put in, and the defendant should have the costs of the answer. And as the amount of the mortgage money is now all due, there must be the ordinary decree of foreclosure and sale, except as to costs. As to these, the complainant must be allowed the

ordinary costs attending a foreclosure where 'there is no defence; and he must pay the defendants the costs of their defence incurred up to the date of the master's report. As to *litigated* costs subsequent to the date of the master's report, it being a new litigation as to costs, and the question being doubtful, neither party is to have costs as against the other.